IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER BROWN,<br>Administratrix for the<br>Estate of Larry Brown,<br>deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO.<br>2:21cv440-MHT<br>(WO) |
| JEFFERSON S. DUNN, Alabama<br>Prison Commissioner;<br>et al., | ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

This case comes before the court on plaintiff
Jennifer Brown's renewed motion for leave to conduct
expedited discovery.  The motion will be denied.

Brown, as the administrator of the estate of
decedent Larry Brown, brought claims against defendants
Jefferson Dunn, Patricia Jones, and David Lamar under
42 U.S.C. § 1983 and Alabama law for their alleged
roles in the decedent's death while incarcerated at the
Bullock Correctional Facility.  Administrator Brown

brought a motion for leave to conduct expedited discovery, pursuant to Federal Rules of Civil Procedure 26(d)(1) and 30(a)(2)(iii). *See* Pl.'s Mot. for Leave to Conduct Expedited Discovery (Doc. 10). That motion was denied. Brown now renews her motion for leave to conduct expedited discovery and requests that the court (1) permit her to depose ten identified inmates at the Correctional Facility; (2) order the defendants to produce any investigation information or reports in their possession, including any reports identifying witnesses to the alleged attack or attacks on decedent; and (3) permit her to depose further witnesses who may become known to her based on the materials provided by the defendants.[1] *See* Pl.'s Renewed Mot. for Leave to

_____

    1.  In her first motion, administrator Brown requested leave to depose defendants Jones and Lamar. While her renewed motion repeats a paragraph about the need for Jones and Lamar's testimony, *see* Pl.'s Renewed Mot. for Leave to Conduct Expedited Discovery (Doc. 19) at 2, she has titled her motion "Plaintiff's Renewed Motion for Leave to Conduct Expedited Discovery of Incarcerated Eye-Witnesses," and her request for relief omits Jones and Lamar. *See* Pl.'s Renewed Mot. for

Conduct Expedited Discovery (Doc. 19).  The defendants have filed motions to dismiss on the basis of qualified immunity, among other grounds.

Federal Rule of Civil Procedure 26(d)(1) states the general rule that, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).  Administrator Brown moves for a court order authorizing expedited discovery.  Although the Eleventh Circuit Court of Appeals "has not adopted a standard for allowing expedited discovery, ... many district courts within the Eleventh Circuit have expressly used a general good cause standard when confronted with expedited discovery requests." *Rivera v. Parker*, No. 1:20-CV-03210-SCJ, 2020 WL 8258735, at

_____

Leave to Conduct Expedited Discovery (Doc. 19) at 4. Consequently, the court concludes that the paragraph related to Jones and Lamar was included accidentally and that Brown has not renewed her request to depose those defendants.

3

*3 (N.D. Ga. 2020) (Jones, J.).  Under this standard,
"the party requesting expedited discovery has the
burden of showing the existence of good cause, and that
the need for the discovery outweighs any prejudice to
the opposing party."  *In re Chiquita Brands Int'l,
Inc.*, No. 08-01916-MD-MARRA, 2015 WL 12601043, at *3
(S.D. Fla. 2015) (Marra, J.).  "Good cause may be
established by showing 'some impelling urgency which
necessitates action forthwith and excuses giving notice
to the other party,' such as 'a showing that the
desired testimony is in hazard of loss unless the
deposition is taken forthwith.'"  *GE Seaco Servs., Ltd.
v. Interline Connection, N.V.*, No. 09-23864-CIV, 2010
WL 1027408, at *1 (S.D. Fla. 2010) (Seitz, J.) (quoting
*K.J. Schwartzbaum, Inc. v. Evans, Inc.*, 279 F. Supp.
422, 423-24 (S.D.N.Y. 1968) (MacMahon, J.)).

Resolution of administrator Brown's motion for
expedited discovery must take into account the
defendants' motions to dismiss on the basis of

**4**

qualified immunity.  When a defendant has asserted an immunity defense, "[t]he court starts from the general premise that 'until the threshold immunity question is resolved, discovery should not be allowed.'"  *K.M. v. Ala. Dep't of Youth Servs.*, 209 F.R.D. 493, 495 (M.D. Ala. 2002) (Thompson, J.) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017) (per curiam) ("[I]mmunity is a right not to be subjected to litigation beyond the point at which immunity is asserted."). Although "[d]istrict judges are accorded wide discretion in ruling upon discovery motions," *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996), "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial

proceedings," *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998).

A defendant's entitlement to avoid the burden of discovery is particularly substantial where the defendant has asserted immunity in a motion to dismiss that challenges the legal sufficiency of the complaint. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *see also Cook v. Taylor*, No. 2:18-CV-977-WKW, 2019 WL 1233853, at *2 (M.D. Ala. 2019) (Watkins, J.) (observing that "the court should not allow discovery in the face of a pending motion to dismiss that tests the legal sufficiency of the complaint — especially when that motion also asserts an immunity defense"). When such a motion is pending, the plaintiff's need for the discovery is limited because such challenges present

"no issues of fact," as "the allegations contained in the pleading are presumed to be true." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).[2]

_____

2. As support for her discovery request, administrator Brown cites primarily to cases in which a court concluded that limited discovery was appropriate in order for the court to rule on a qualified-immunity defense asserted in a motion for summary judgment, rather than a motion to dismiss. *See Crawford-El*, 523 U.S. at 593 n.14 (recognizing that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity"). These cases do not support Brown's request for expedited discovery prior to resolution of the defendants' motions to dismiss.

In one case, *Bowen v. Humphrey*, No. 5:13-CV-256 (MTT), 2014 WL 2565579 (M.D. Ga. 2014) (Treadwell, J.), a district court ordered "limited discovery" prior to resolution of a motion to dismiss on the ground of qualified immunity. In that case, the plaintiff administrator of the estate of an inmate who was killed by his cellmate brought § 1983 claims against prison employees, who moved for dismissal on the ground of qualified immunity and failure to state a claim. Concluding that there was a "missing link" in the plaintiff's "otherwise sufficient allegations of deliberate indifference," the court ordered limited discovery prior to resolution of the motion to dismiss "for equitable reasons," because "the Plaintiff's access to this final link of evidence ha[d] been hampered by the fact that [the decedent was] deceased."

7

To the extent the court has discretion to order discovery while a motion to dismiss on the basis of qualified immunity is pending, administrator Brown has not demonstrated a need for the requested discovery at this time that justifies ordering expedited discovery before the Rule 26(f) conference and in the face of the defendants' assertions of immunity. As noted earlier, Brown seeks three categories of discovery at this time: depositions of inmate witnesses, investigation information and reports, and other, as yet unknown, discovery stemming from the first two categories. As to the inmate depositions, she argues that good cause exists to grant expedited discovery because of the heightened risk of loss or impairment of the testimony of the inmates she requests leave to depose. *See* Pl.'s Renewed Mot. for Leave to Conduct Expedited Discovery

---

*Id.* at *1-2. In the instant case, Brown does not argue that discovery is required to correct any defects in her pleadings, so the concerns raised in *Bowen* are inapposite to her pending motion.

(Doc. 19) at 2–4.  According to her, these inmates, who reportedly are eyewitnesses with firsthand information regarding the circumstances of the death of decedent, are incarcerated at the Bullock Correctional Facility, where they are exposed "to the constant and continuous danger of ... serious physical and mental injury and/or loss of life."  *See* Pl.'s Renewed Mot. for Leave to Conduct Expedited Discovery (Doc. 19) at 4. Administrator Brown does not explicitly identify the basis for her request for expedited discovery of any investigation information and reports in the defendants' possession.  In light of her request for leave to depose additional witnesses who may become known to her through depositions or the information sought from the defendants, the court understands all of her requests to be grounded in the risk of loss of testimony of incarcerated witnesses, both known and unknown.  However, as stated previously, the requested discovery would have limited value to disposition of

9

the motions to dismiss, and Brown's generalized assertion that violence against inmates at the Bullock Correctional Facility jeopardizes the testimony of the witnesses she seeks to depose--without further information specific to these witnesses--fails to establish an urgency that justifies subjecting the defendants to the burdens of discovery at this early stage of proceedings, especially in the face of a qualified-immunity defense.

Had Brown shown a particularized, substantial risk of the future unavailability of a key witness--such as an inmate with a terminal illness, or perhaps, more germanely to this case, an inmate receiving specific death threats in prison--a deposition of that inmate might be allowable, even in the face of a motion to dismiss on the basis of qualified immunity. Here, however, Brown seeks wide-ranging discovery on the basis of a generalized danger to all inmate witnesses.

10

That is simply not permissible under the law as it stands.

* * *

Accordingly, it is ORDERED that plaintiff Jennifer Brown's renewed motion for leave to conduct expedited discovery (Doc. 19) is denied.

DONE, this the 4th day of October, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

11